IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                        CRIMINAL CASE NO. 3:07CR192-B-A

RICHARD F. "DICKIE" SCRUGGS,
DAVID ZACHARY SCRUGGS, AND
SIDNEY A. BACKSTROM

## ORDER DENYING DEFENDANTS' MOTION IN LIMINE

The court has before it the motion of the defendants to prohibit the introduction of extrinsic evidence of alleged prior similar bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence. The court has considered the arguments and authority cited by counsel and is ready to rule.

On January 28, 2008, the government served notice upon the defendants of its intention to introduce extrinsic evidence of alleged prior similar bad acts at the trial of this cause. The government has identified the evidence as relating to *United States v. Joseph C. Langston*, Cause No. 1:08CR003, in which Langston, a former attorney, pled guilty to an information charging him with conspiring with Richard F. Scruggs, Steven A. Patterson, and others to attempt to influence state circuit court judge Bobby DeLaughter for favorable rulings in the case of *Wilson v. Scruggs*. The government properly noticed all defendants of its intention to introduce this evidence; however, the government revealed at the hearing of the present motion on February 21, 2008, that the evidence only implicates defendants Richard Scruggs and Zachary Scruggs and not defendant Sid Backstrom.

The defendants object to the offer of the extrinsic evidence on the grounds that its admission will create a "trial within a trial"; will unduly prejudice the defendants, "two of whom

have nothing to do with the 404(b) material"[1]; and will deprive the defendants of a fair trial. The defendants assert that no proper purpose exists for admitting the evidence and that "any minimal probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and unduly prolonging the trial of this case."

Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In the case of *U.S. v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), the Fifth Circuit noted that "[w]hat the rule calls for is essentially a two-step test." First, the court must determine "that the extrinsic-offense evidence is relevant to an issue other than the defendant's character." *Beechum*, 582 F.2d at 911. Second, the court must find that the evidence possesses "probative value that is not substantially outweighed by its undue prejudice." *Id. See also, U.S. v. Bentley-Smith*, 2 F.3d 1368, 1377 (5th Cir. 1993). "Similarity of the extrinsic offense to the offense charged is the standard by which relevancy is measured under Rule 404(b). *U.S. v. Duffaut*, 314 F.3d 203, 209 (5th Cir. 2002) (citing *U.S. v. Gordon*, 780 F.2d 1165, 1173 (5th Cir. 1986)). "If offered to show intent, relevancy of the extrinsic evidence is determined by comparing it to the state of mind of the defendant in perpetrating the respective offenses." *Id.*

---

[1] As mentioned above, the government has revealed that the evidence implicates Zachary Scruggs as well as Richard Scruggs, and the court finds that the defendants have received adequate notice pursuant to Rule 404(b).

There is no question that the extrinsic evidence offered in the present case constitutes a similar alleged act within the meaning established by the aforementioned case law. The 404(b) evidence reveals (1) the employing of a person not an attorney of record to approach a state court judge (2) with the intent to corrupt the state court judge in regard to (3) a fee dispute (4) involving two of the defendants herein as well as two others who have already entered guilty pleas in this case – all substantially the same elements as charged in the conspiracy count before the court in the present case.

The defendants have cited case law which they urge would prohibit the introduction of this extrinsic evidence in this case; however, the law is clear in this circuit that such similarity, as exists here, between the 404(b) evidence and the offense charged amounts to relevancy sufficient to allow introduction of the evidence as long as the probative value of the evidence is not substantially outweighed by its undue prejudice. The crime charged in this case requires the proof of "intent." The case of *United States v. Duffaut*, 314. F.3d at 209, held that by pleading not guilty, the defendants have placed this intent in issue; therefore, the extrinsic evidence offered by the government herein has significant probative value. The court finds that the probative value is indeed not substantially outweighed by undue prejudice and finds that the two-part test promulgated by *U.S. v. Beechum* is met in this case. Further, the court will give to the jury an instruction limiting the jury's consideration of the 404(b) evidence to permissible purposes, and the court is of the opinion that reasonable jurors will have no problem understanding – and acting in accordance with the understanding – that the evidence is to be considered only against Richard Scruggs and Zachary Scruggs and only for consideration by the jury in determining the intent issue.

For the foregoing reasons, the court finds that the defendants' motion *in limine* to exclude introduction of extrinsic evidence pursuant to Rule 404(b) is not well taken, and the same should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 26th day of February, 2008.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**