IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                            NO. 3:07CR192-B

RICHARD F. "DICKIE" SCRUGGS,
DAVID ZACHARY SCRUGGS, AND
SIDNEY A. BACKSTROM

## **ORDER**

Came on to be considered this day the motion of the government in the above styled and numbered cause, moving the court to impanel a so-called anonymous jury for the trial hereof, and the response of the defendants herein objecting to the same. The court has considered the motion and the memoranda of authority in support and opposition thereto. The naming of what has been referred to at times as an "anonymous jury" is somewhat misleading in that, as the Fifth Circuit pointed out in *U.S. v. Branch,* 91 F.3d 699 (5th Cir. 1996), the term "anonymity" has long been an important element of our jury system in that juries are randomly summonsed from the community and once they come in and sit as jurors, they inconspicuously fade back into the community; however, the term "anonymous jury" has come to mean something different in more recent years and is now a jury summonsed with an order that the court shall withhold some of the biographical information about the potential jurors from the parties involved in the case. As the court pointed out in *Branch*, courts and attorneys should be wary of painting with too broad a brush the term "anonymous jury," because a so-called "anonymous jury" could include those about whom much has been concealed in some cases and very little in other cases.

In the case of *U.S. v. Wong*, 40 F.3d 1347 (2d Cir. 1994), and again in the case of *U. S. v. Kraut*, 66 F.3d 1420 (5th Cir. 1995), *cert. denied,* 516 U.S. 1136 (1996), there were listed some

of the elements a trial court may consider in determining whether certain information about potential jurors can be withheld from the parties. Five such elements which have been mentioned are (1) whether extensive publicity exists in the case that could enhance the possibility that jurors' names would become public and expose the jurors to some kind of intimidation or harassment; (2) whether there exists the potential that, if convicted, the defendants will suffer a lengthy incarceration and substantial monetary penalties; (3) whether there exist past attempts by the defendants to interfere with the judicial process; (4) whether the defendants have any involvement in organized crime; and (5) whether the defendants participate in a group with the capacity to harm jurors. These last two elements – (4) and (5) – are not under consideration, as the court finds they do not exist in this case. The court ruled, however, in *U.S. v. Edwards*, 303 F.3d 606 (5th Cir. 2002), in approving an anonymous jury, that organized crime cases are not the only type of cases in which an anonymous jury may be called. Of the five elements listed above, the court finds that three of the five exist in the case *sub judice*. The court stated in *Branch* that it did not suggest that these five elements or some aggregate of them must be established to justify the withholding of some information on the jurors; rather, they are merely concerns that commonly come up in cases where courts have upheld the use of anonymous juries. In deciding whether a jury will be anonymous, an analysis should be made of the existence of these factors, or some of them, or of other factors which may justify the withholding of some juror information from the parties. Other circumstances not listed above, it has been held, may also be found to exist which would justify the use of such a jury, and the district court should look to the "totality of the circumstances" in determining this issue. *U.S. v. Salvatore*, 110 F.3d 1131 (5th Cir. 1997).

The court in *U.S. v. Sanchez*, 74 F.3d 562 (5th Cir. 1996), held that the decision to impanel an anonymous jury must be based on more than "mere allegations or inferences." In this case, there is evidence before the court in sworn testimony in open court, uncontradicted at the time, of past attempts on the part of the defendants herein to interfere with the judicial process. Indeed, that is the charge involved in this case, and, in addition, the court has heard sworn testimony that an attempt at interference with the judicial process also has taken place in another court by some of the defendants herein. The court is not judging whether this evidence is true; however, there is sworn testimony, unrebutted at this point, sufficient to find at this time, based on more than "mere allegations and inferences," that this element is applicable here for the purpose of ruling on this motion.

The court also finds that element number (2), *supra*, is applicable here in that there is the potential that, if convicted, the defendants will suffer lengthy incarcerations and substantial monetary penalties. The length of incarcerations to which the defendants would be exposed on convictions of the six counts herein is set by statute and will not be repeated here. Suffice it to say they are lengthy. The element of suffering substantial monetary penalties also exists. Substantial fines may be imposed. Additionally, the defendants, all lawyers and highly successful financially in their profession, would be subject to losing their law licenses and would therefore suffer substantial monetary losses in the future.

The court also finds that element (1) above exists in this case in that extensive publicity has been paid to this case thus far and, after the trial begins, publicity will likely increase and the names and addresses of the jurors sitting on the case would be enhanced and more likely cause attempts to contact the jurors by news media or friends or acquaintances who do not know the

3

proper role for juror conduct, and therefore more pressure would be brought on the jurors if their names were in the public news media during the trial. There is also consideration that the jurors would be subject to intimidation, pressure, and approaches by agents of the defendants. That is the tactic that has been alleged by the government to have been used with the judges in this case and the 404(b) case, according to the testimony before the court at this time. In the case of *U.S. v. Edwards*, 303 F.3d at 614, the court pointed out that the defendant had numerous operatives and allies who might have attempted to influence the jurors, and that circumstance was an element to be considered along with others that existed in justifying an anonymous jury.

The court is of the opinion that withholding merely the names and addresses of the jurors and names of employers – not the types of employment – will not prejudice the ability of the defendants and the government to select an impartial jury.

The court has approved a lengthy juror questionnaire submitted by the defendants in addition to the usual court juror questionnaire, and the court will furnish to the defendants and the government the answers to the jury questionnaires given by the prospective jurors in advance of trial. At voir dire, the court will ask the jurors questions and elicit information from them regarding any potential jury bias and instruct the jury in a *neutral* way as to why their names and addresses, etc., were withheld, so that it will in no way interfere with the fairness of the jury panel or the presumption of innocence with which the defendants are clothed. *See U.S. v. Salvatore*, 110 F.3d at 1144. The court is of the opinion that the decision to not disclose the names and addresses of the jurors and their employers will not violate the defendants' constitutional right to a fair trial before an impartial jury. The defendants and the government will have more information about each juror than in the usual criminal case since the court is

4

granting the defendants' motion to require the jurors to fill out an additional jury questionnaire, which is quite a bit more detailed than the normal questionnaire.

The jurors who will be summonsed here will not be "anonymous" except in the most literal sense, as the only information that will be withheld from the defendants and the government will be the jurors' names, addresses, and places of employment – not types of employment. Otherwise, the court will provide the defendants and the government with a wealth of information about the jurors, including occupations, employers, children, length of residence in the counties in which they reside, their main sources of news, and an abundance of other information that will be brought out on voir dire and by the jury questionnaires. The Fifth Circuit has held that the use of an anonymous jury is constitutional when there is a strong reason to believe that certain factors exist, as enumerated above, and the court takes reasonable precautions to minimize any prejudicial effects on all parties, while protecting the presumption of innocence and the right to a fair, impartial jury.

For the foregoing reasons, the court is of the opinion that the government's motion on this issue should be and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this**,** the 6th day of March, 2008.

                                                                        /s/ *Neal Biggers*
                                                                       NEAL B. BIGGERS, JR.
                                                                       SENIOR UNITED STATES DISTRICT JUDGE