IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL ACTION NO. 3:07CR00192-B-A

RICHARD F. "DICKIE" SCRUGGS;
DAVID ZACHARY SCRUGGS;
SIDNEY A. BACKSTROM;
TIMOTHY R. BALDUCCI; AND
STEVEN A. PATTERSON

# **ORDER**

This cause comes before the court upon defendant Sidney A. Backstrom's Motion for Reconsideration of Motion for Access to Presentencing Letters Concerning Defendants. On June 20, 2008, the court granted the motion of Gulf Publishing Company, Inc., for access to presentencing letters. The defendant's motion asks the court to reconsider that ruling. Upon due consideration of the motion, the court finds that it is not well-taken and shall be denied.

In support of his position, the defendant cites a number of cases which are not analogous to the present case. Furthermore, most of the cases cited were decided by courts outside this circuit. One exception is the Fifth Circuit case of *United States v. Martinello*, 556 F.2d 1215 (5th Cir. 1977), which – like all the rest – is distinguishable. In *Martinello*, which involved disclosure of the presentence report as a whole, not the limited issue presented here pertaining to disclosure of presentencing letters only, the court expressed concern that "requiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, for use in the sentencing process." *Id.* at 1216. *Martinello* is inapplicable because the information at issue in the present

case was not gathered by probation officers, but rather was solicited by the defendants, gathered by their attorneys, and presented to the undersigned judge.

The defendant also relies on the Second Circuit case of *United States v. Charmer Indus., Inc.*, 711 F.2d 1164 (2d. Cir. 1983), in which the court held that presentence reports are confidential, non-public records that are not subject to disclosure to third parties absent "a compelling demonstration that disclosure of the report is required to meet the ends of justice." *Id.* at 1171. The letters at issue in the case at bar, however, are not considered by the sentencing officer as part of the presentence report. The letters at issue were not gathered by the probation officers and submitted to the undersigned judge with a recommendation of sentence.

This court is of the opinion that the letters at issue in the present case are strictly analogous to the defendant's arranging for persons to come into court and testify as to his character, in favor of leniency, etc., in open court. The court is advised that some of the writers of the letters have stated that they were told when solicited to write letters that their letters may be made public. Furthermore, as the court noted in its original order, no presumption of confidentiality attaches to presentencing letters sent to the court. *See United States v. Gotti*, 322 F. Supp. 2d 230, 259 (E.D.N.Y. 2004).

The defendant here speaks only to *unsolicited* letters sent directly to the judge. The defendant has no standing to complain that these persons oppose the publication of their letters. The letters were not written by the defendant; nor were they written to him. Some of the writers requested a lenient sentence – some even no jail time. Some requested the maximum sentence allowed by law. All attempted to influence the sentence in this case. In asking that only the *unsolicited* letters sent directly to the judge be excluded from access, the defendant appears to be

asking the court that only the letters which the defendant solicited and gathered be available to the movant publishing company, but that the letters which the defendant did not solicit should be made confidential. If this is, in fact, the defendant's position, the court is unpersuaded.

The court finds precedent for its decision in the highly-publicized case of *United States v. Libby*, No. 05-394 (D.D.C. May 31, 2007). The court in *Libby* found that the "large number of sentencing letters, no less than the media's desire to view the letters, [was] indicative of both the high level of public interest in [the] proceedings and the weightiness of the underlying charges." The court reasoned that, "[e]specially in a case of this nature, the court must strive to be as transparent as possible without compromising the fairness of the system or the ability of the court to acquire information relevant and helpful to the sentencing process." The court concluded that it was appropriate to allow disclosure of the letters. Finding quite similar circumstances in the present case, the court maintains its position that the presentencing letters should be released.

The court finds further precedent in a previous case in the federal courts of Mississippi in which presentencing letters to the judge were released at the request of a publishing company. The high profile case of *United States v. Halat* involved the 1987 murders of a state circuit court judge and his wife, a former Biloxi city councilwoman and mayoral contender. *See United States v. Sharpe*, 193 F.3d 852 (5th Cir. 1999) (affirming conviction). Halat, Biloxi's mayor from 1989 to 1993, was convicted for his role in the murder conspiracy. When the defendant was sentenced, the district judge released letters from his friends and family to the press, ostensibly due in part to the elevated public interest in the case. Though no order was entered on the matter in that particular case, the court assumes that the district judge found there, as the undersigned

3

does here, that the freedom of the press and the public "to monitor the courts by access to their records" outweighed the need to protect any alleged individual privacy rights – rights which have not been demonstrated in the present case for the reasons set forth hereinabove. *United States. v. McClatchy Newspapers, Inc.*, 288 F.3d 369, 375 (9th Cir. 2002).

As the court stated in its original order, the case law addressing this matter and related issues indicates that the court is afforded broad discretion in making its determination – a fact acknowledged even by the defendant. The court finds that the presentencing letters, with the exception of those that contain privileged medical information, should be disclosed to the movant.

For the foregoing reasons, the defendant Sidney A. Backstrom's Motion for Reconsideration of Motion for Access to Presentencing Letters Concerning Defendants is **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 23rd day of June, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Neal Biggers*　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**NEAL B. BIGGERS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**SENIOR U.S. DISTRICT JUDGE**