**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 3:07CR192-B-A**

**RICHARD F. "DICKIE" SCRUGGS, ET AL.**                   **DEFENDANTS**

**UNITED STATES OF AMERICA'S RESPONSE TO MOTION
FOR RETURN OF PROPERTY AND MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

COMES NOW, the United States of America, by and through William C. Martin, Acting United States Attorney for the Northern District of Mississippi, on behalf of the Federal Bureau of Investigation (FBI), and responds to State Farm Fire and Casualty Company's Motion for Return of Property and moves this Court to dismiss said pleading for failure to state a claim upon which relief can be granted.[1]

On July 20, 2010, State Farm Fire and Casualty Company (hereinafter "State Farm") filed a Motion pursuant to Fed. R. Crim. P. 41(g) requesting a return of property to State Farm that was thought to be seized by the United States during the execution of a search warrant issued in No. 3:07mc24 and covering the former law office of Richard F. "Dickie" Scruggs ("Scruggs"), a defendant herein. State Farm specifically requests the original of an engineering report dated October 12, 2005, along with a "sticky note" believed to have been affixed to said report.

In addition to requesting the return of this document that they believe to have been seized by the United States, State Farm also requests that this Court unseal the search warrant

---

[1] The United States does not construe this as a request for information under 28 C.F.R. §§ 16.21 - 16.29, also known as the "Touhy" regulations, and in no way waives its rights under those regulations.

proceedings to allow its attorneys and employees to read and review the government's inventory and return filed therein, in order to determine what other of its documents may have been seized. State Farm further requests this Court to allow it to "assist the United States in its search" for documents.

It is well-established in the Fifth Circuit that a Federal Rule of Criminal Procedure Rule 41(g) Motion filed after the conclusion of criminal litigation is to be construed as a civil complaint under the Court's general equity jurisdiction. *See Taylor v. U.S.*, 483 F.3d 385 (5th Cir. 2007); *U.S. v. Robinson*, 434 F.3d 357 (5th Cir. 2005). Because all Defendants in this matter have been sentenced and this matter has been properly concluded, the Court should treat this Motion as a civil action for return of property.

The United States has reviewed the search warrant and the return and inventory filed in this matter. Without waiving the fact that the search warrant proceedings are still under seal with this Court, the United States represents that the engineering report and "sticky note" requested by State Farm are not among those items sought or seized pursuant to the search warrant. In fact, after a complete review, the United States would represent that no documents proprietary to State Farm are among the items seized in this matter.  The items seized pursuant to the warrant in this matter were limited to copies (not originals) of computer files and computer hard drives.

Because the sought-after document is not, and never has been, within its possession, the United States cannot be ordered to provide it to State Farm. Additionally, because the United States has reviewed the return and inventory in its entirety, and because there are no documents even potentially proprietary to State Farm within its possession, it is improper and unnecessary to allow this private litigant to review items seized from another party for potential use in its civil litigation.

For the foregoing reasons, the United States asks this Court to dismiss State Farm's pleading for failure to state a claim upon which relief can be granted. In the alternative, should this Court choose to treat this pleading as a motion for relief under the criminal rules, the United States would request that State Farm's Motion and request to unseal and inspect the search warrant and related documents in this case be denied.

    Respectfully submitted,

    WILLIAM C. MARTIN (MSB# 1903)
    Acting United States Attorney

  By: /s/ Robert H. Norman
    ROBERT H. NORMAN (MSB# 3880)
    RALPH M. DEAN, III (MSB# 6010)
    Assistant United States Attorney
    900 Jefferson Avenue
    Oxford, Mississippi 38655
    ralph.dean@usdoj.gov
    (662) 234-3351 - telephone
    (662) 234-3318 - facsimile

**CERTIFICATE OF SERVICE**

I, ROBERT H. NORMAN, Assistant United States Attorney, hereby certify that I filed the foregoing **RESPONSE TO MOTION FOR RETURN OF PROPERTY AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Warren A. Braunig, wbraunig@kvn.com

Brook Dooley, bdooley@kvn.com

John W. Keker, jkeker@kvn.com

Travis LeBlanc, tleblanc@kvn.com

Jan Nielsen Little, jlittle@kvn.com

Cal Mayo, cmayo@mayomallette.com

Pope Mallette, pmallette@mayomallette.com

James B. Tucker, james.tucker@butlersnow.com

Jeffrey A. Walker, jeff.walker@butlersnow.com

Amanda B. Barbour, amanda.barbour@butlersnow.com

This, the 27th day of July, 2010.

By: /s/ Robert H. Norman
ROBERT H. NORMAN